# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Misa Amane,**
**Claimant Below, Petitioner**

**v.)** **No. 23-109** (JCN: 2021012068)
(BOR No. 2058230)
(ICA No. 22-ICA-102)

**Pas Parent, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Misa Amane appeals the January 10, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Misa Amane v. Pas Parent, Inc.*, No. 22-ICA-102, 2023 WL 152497 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision). Respondent Pas Parent, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's order denying the addition of chemical burn of unspecified degree of multiple left-hand fingers and contact dermatitis as compensable components of Ms. Amane's workers' compensation claim, and denying treatment for these conditions.[2]

The petitioner argues that she was asymptomatic prior to the injury, and the preponderance of evidence provides that the diagnoses of chemical burn of unspecified degree of multiple left

---

[1] The petitioner is represented by counsel Reginald D. Henry, and the respondent is represented by counsel Jeffrey M. Carder.

[2] The Board of Review decided the appeal of an order entered by the Office of Judges on April 27, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022.)

fingers and contact dermatitis are the result of her compensable injury. It follows that treatment for the same conditions should be allowed under the claim. The respondent argues that the ICA was not clearly wrong in affirming the Board of Review, as the claimant failed to demonstrate by a preponderance of the evidence that she sustained chemical burns to additional areas of her body, and she did not show that she sustained contact dermatitis as a result of the compensable work injury.

This Court reviews questions of law de novo, while we accord deference to the lower tribunal's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: August 1, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn